## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is hereby made and entered into by and between Maria Peralta, an individual, on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors and administrators, Mariana Nieto, an individual, on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors and administrators, Rosa Machasilla, an individual, on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors and administrators, Elsa Machasilla, an individual, on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors and administrators, Carmen Lagua, an individual, on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors and administrators, Margarita Maliza a/k/a Maria Margarita Maliza Chango, an individual, on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors and administrators, Patricia Olovacha a/k/a Nancy Olovacha, an individual, on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors and administrators (collectively, the "Plaintiffs"), on the one hand, and Sita Finishing Corporation, a New York corporation, Ioan Sita a/k/a John Sita, an individual, and George Sita, an individual (referred to collectively herein as the "Defendants"), on the other hand (the Plaintiffs and the Defendants may be referred to collectively herein as the "Parties").

## RECITALS

**WHEREAS**, the Plaintiffs, through their attorneys, have asserted claims for, *inter alia*, allegedly unpaid overtime compensation, spread-of-hours compensation, liquidated damages, interest and other compensation against the Defendants pursuant to federal and state laws including the Fair Labor Standards Act of 1938, as amended, and the New York Labor Law and related regulations, in an action filed in the United States District Court for the Eastern District of New York (the "Court"), entitled *Lagua, et al. v. Sita Finishing Corp., et al.*, Case No. 14 Civ. 2590 (the "Action"); and

**WHEREAS**, the Parties to this Agreement mutually desire to fully resolve and forever settle any and all claims, charges, complaints, grievances, disputes or other potential actions of any kind whatsoever that the Plaintiffs may have for the purpose of avoiding the time, expense and inconvenience of further litigation; and

**WHEREAS**, all Parties to this Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and all Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS**, all Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion; and

**WHEREAS**, the Plaintiffs acknowledge and agree that the payment of the Settlement Amount (as hereinafter defined) by the Defendants is provided as consideration for the Plaintiffs' agreement to knowingly and voluntarily release, dismiss and waive their claims and any actions,

charges, complaints, grievances, disputes or other potential actions of any kind whatsoever against the Releasees (as hereinafter defined), including but not limited to claims for attorneys fees, costs and disbursements, and is conditioned upon acceptance by the Plaintiffs of the terms of this Agreement, as manifested by each Plaintiff's execution of this Agreement and the expiration of the Revocation Period (as hereinafter defined); and

**WHEREAS**, the Defendants acknowledge and agree that the general release and covenant not to sue contained herein from the Plaintiffs, and the other covenants contained herein from the Plaintiffs, are provided by Plaintiffs as consideration for payment of the Settlement Amount (as hereinafter defined); and

**NOW THEREFORE**, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all of the Parties hereto, IT IS HEREBY AGREED by and between the Parties as follows:

### AGREEMENT

(1) No Admission of Liability. The Defendants do not admit to any liability or wrongdoing whatsoever by themselves or by any individuals acting under their supervision or on their behalf. Neither this Agreement nor the payment or acceptance of the Settlement Amount (as hereinafter defined) constitute, nor shall they be construed, described or characterized by any of the Parties hereto or by any of their agents or representatives as, an admission by any of the Defendants or Releasees, or by any individuals acting under their supervision or on their behalf of any liability or wrongdoing or violation of any law, rule, regulation, public policy or contractual provision.

(2) Dismissal of the Action With Prejudice. Immediately upon execution of this Agreement by the Parties, counsel for both the Plaintiffs and the Defendants shall execute and submit to the Court the Stipulation and Order of Voluntary Dismissal With Prejudice annexed hereto as Exhibit A, as well as a copy of this Agreement for Court approval.

(3) Consideration. In full and complete settlement and final satisfaction of any and all claims which the Plaintiffs may have against the Releasees (as hereinafter defined), the Defendants shall pay to the Plaintiffs and their attorneys the gross total sum of **One Hundred Seventy Thousand and 00/100 Dollars ($170,000.00)** (the "Settlement Amount"). The Settlement Amount shall be payable in eighteen (18) separate consecutive monthly installments as follows: the first installment, in the gross amount of $85,000.00, shall be due on April 1, 2015; the second through eighteenth installments, each in the gross amount of $5,000.00, shall be due on the first of each month beginning on May 1, 2015 and ending with the eighteenth and final installment payment due on September 1, 2016. Each installment payment shall be broken down as set forth in Exhibit B hereto, and paid by separate checks issued to each of the Plaintiffs and to the Plaintiffs' attorneys in the amounts listed therein. For any Plaintiff that provides both properly completed and signed IRS Forms W-4 and W-9 simultaneously with their execution of this Agreement, one half of each gross monthly amount allocated to such Plaintiff shall be paid by payroll check, less applicable statutory withholdings, and shall constitute wages which shall be reported on IRS Form W-2, and the other half shall be paid by regular business check without

any withholdings constituting payment for liquidated damages and interest, which shall be reported on IRS Form 1099. For any Plaintiff that provides a properly completed and signed IRS Form W-9 simultaneously with their execution of this Agreement, but does not provide a properly completed and signed IRS Form W-4, the total of each monthly amount allocated to such Plaintiff shall be paid by regular business check without any withholdings, and such payment shall be reported on IRS Form 1099. For any Plaintiff that fails to provide either an IRS Form W-4 or an IRS Form W-9, such Plaintiff shall provide to Defendants, simultaneously with their execution of this Agreement, a photocopy of a government issued photo identification document, with the photograph redacted (but no other information redacted), and any and all payments to any such Plaintiff shall be paid by regular business check, subject to applicable backup withholding as required by law, and such payment and backup withholding shall be reported on IRS Form 1099. This Agreement shall constitute a formal request by Defendants for properly completed and signed IRS Forms W-4 and W-9 from all Plaintiffs. Any Plaintiff that is able to provide Defendants with properly completed and signed IRS Forms W-4 and W-9 must do so immediately upon execution of this Agreement. All payments to Pechman Law Group, PLLC shall constitute payment for attorneys' fees and costs, which shall be reported on IRS Form 1099, and Pechman Law Group, PLLC must provide a properly completed and signed IRS Form W-9 to counsel for the Defendants. All installment payments constituting the Settlement Amount shall be paid by check as set forth above and in Exhibit B, and shall be delivered to: Pechman Law Group, PLLC, 488 Madison Avenue, Suite 1120, New York, NY 10022, Attn: Louis Pechman, Esq. The Settlement Amount to be paid to the Plaintiffs and their attorneys pursuant to this Agreement is in complete settlement of all demands or claims, whether for actual or compensatory damages, liquidated damages, interest, punitive damages, attorneys fees, costs and disbursements which the Plaintiffs actually asserted or could have asserted against the Defendants or any of the Releasees (as hereinafter defined) in the Action. In the event Defendants breach this Settlement Agreement by failing to make timely payment in accordance with this Paragraph, such breach shall result in accelerated payment of any outstanding payments, subject to the cure provision of this paragraph. If Defendants fail to make timely payment as provided in this Paragraph, counsel for Plaintiffs shall notify counsel for Defendants of any such breach by email to Nils C. Shillito, Esq. (notice deemed completed upon sending to nshillito@hansassociates.com), after which time Defendants shall cure the default within five (5) business days. In the event that Defendants fail to timely cure by 6 p.m. EST on the tenth business day, any outstanding payments, shall become accelerated and shall become immediately due and payable, and interest shall accrue at the statutory rate from the date of the notice of breach, and Plaintiffs shall be entitled to submit a judgment for entry by Affidavit of Confession of Judgment, annexed hereto as Exhibit C, or otherwise, without further notice against Defendants, jointly and severally, in any State or Federal court within the State of New York, for the full Settlement Amount less any partial payment(s) made, and shall have execution therefor. The originals of the Affidavit of Confession of Judgment shall remain in the possession of Plaintiffs' counsel, Pechman Law Group, PLLC, and, upon satisfaction of the payment obligations set forth in this Agreement, shall be destroyed.

(4) <u>Full Satisfaction</u>: It is mutually understood and agreed by all Parties to this Agreement that the Settlement Amount to be paid by the Defendants to the Plaintiffs and the Plaintiffs' attorneys pursuant to this Agreement shall constitute full, final and complete satisfaction and settlement of any and all claims that have or may have been asserted by the Plaintiffs, whether

under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, the New York Labor Law and related regulations, or for breach of contract, tort or under any other federal, state or local law, against the Releasees (as hereinafter defined) as of the date of this Agreement, and shall include all elements of recovery permitted under such laws whether for back pay, front pay, liquidated damages, compensatory damages, punitive damages, expenses, interest, attorney's fees, expert witness fees, costs or disbursements, and the Plaintiffs expressly waive any and all such claims against the Releasees (as hereinafter defined). The Parties agree and affirm that the money to be paid by the Defendants to the Plaintiffs and the Plaintiffs' attorneys pursuant to this Agreement represents a fair and reasonable resolution of the claims raised by the Plaintiffs in light of factual disputes and the totality of the circumstances.

(5) <u>Waiver and General Release</u>: (a) In consideration for the foregoing, the Plaintiffs, on behalf of themselves and their dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, do hereby knowingly, voluntarily, unconditionally and irrevocably **WAIVE, RELEASE** and **FOREVER DISCHARGE** Ioan Sita a/k/a John Sita, George Sita, Sita Finishing Corporation and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, of every kind and nature whatsoever, whether legal, equitable, contractual, tortious or statutory, which may heretofore have existed or which may now exist including, but not limited to, any claims arising under the National Labor Relations Act, 29 U.S.C. §151 *et seq.*, the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the Davis Bacon Act, 40 U.S.C. § 3141, *et seq.*, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*, Sections 1981 through 1988 of Title 42 of the United States Code, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.*, as amended, the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*, New York State Executive Law, Administrative Code of the City of New York, §8-101 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. §701 *et seq.*, as amended, the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. §1161 *et seq.*, the Occupational Safety and Health Act, 29 U.S.C. §651 *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*, as amended, the New York Labor Law and related regulations, the New York Human Rights Act, as amended, the New York Civil Rights Law, as amended, the New York Equal Pay Law, as amended, the New York Legal Activities Law, the New York State Wage and Hour Laws, the New York Worker Health and Safety Act and any other federal, state or local laws, including, but not limited to, human rights, civil rights, wage-hour, wage-payment, pension, labor or other laws, rules and/or regulations, constitutions, ordinances, public policies, contracts or tort laws, defamation claims, retaliation claims under any federal state or local law, or any other claims arising under the common law, or any claims for costs, attorney's fees, disbursements, liens or expenses or any other claims, based upon any conduct occurring from the beginning of the world to the date of execution of this Agreement by each of the Plaintiffs.

Case 1:14-cv-02590-WFK-MDG   Document 34-1   Filed 04/07/15   Page 5 of 18 PageID #: 92

(b) The Plaintiffs specifically waive their rights to recover any money whatsoever in connection with any charge or investigation of any of the Releasees by any government agency. The Plaintiffs also specifically waive their rights to recover any money in connection with a charge filed by any other individual or by the United States Equal Employment Opportunity Commission or any other federal, state or local agency.

(c) To the fullest extent permitted by law, the Plaintiffs **PROMISE NOT TO SUE** or bring any charges, complaints or lawsuits related to the claims hereby waived against the Releasees in the future, individually or as members of a class.

(d) In the event that any of the Plaintiffs violate this Agreement by bringing or maintaining any charges, claims, grievances or lawsuits contrary to this Paragraph, such Plaintiff(s) shall pay all costs and expenses of any of the Releasees in defending against such charges, claims or actions, including reasonable attorney fees, if any of the Releasees prevail in their defense.

(e) The Plaintiffs intend hereby to expressly waive and relinquish, to the fullest extent permitted by law, all claims that they may have, whether or not known or suspected to exist in their favor at the time of the execution of this Agreement by each of the Plaintiffs. The Plaintiffs further acknowledge that they are aware that they hereafter may discover facts in addition to or different from those which they now know or believe to be true with respect to their claims asserted in the Action or the subject matter of this Agreement, but that it is their intention to, and they do fully, finally and forever settle and release any and all claims against the Releasees in any forum whatsoever, whether known or unknown, suspected or unsuspected, which now exist, may hereafter exist, or heretofore may have existed, without regard to the subsequent discovery or existence of such different additional facts.

(f) The Plaintiffs knowingly, intentionally and voluntarily release and discharge the Releasees not only from any and all claims which the Plaintiffs could make on their own behalf, but Plaintiffs also specifically waive any right to become, and promise not to become, members of any class in any proceeding or case in which a claim or claims against the Releasees may arise, in whole or in part, from any event which occurred prior to the execution of this Agreement by each of the Plaintiffs. It is understood that if the Plaintiffs, by no action of their own, should become a mandatory member of any class from which Plaintiffs cannot opt out by operation of law or court order, such mandatory class membership will not constitute a breach of this Agreement; however in such event the Plaintiffs waive their rights to any recovery as a result of such action. Furthermore, in such event or in the event that any of the Plaintiffs unintentionally remain members of a class from which they could have opted out, and unintentionally receive a recovery as a result of being class members, Plaintiffs will return the full amount of that recovery to the Defendants immediately upon receipt.

(g) This **WAIVER, RELEASE** and **PROMISE NOT TO SUE** is binding on the Plaintiffs, their heirs and assigns.

(6)  No Other Claims: The Plaintiffs represent that, other than the Action, they have not filed any complaints or charges against the Defendants with any local, state or federal agency or court. Further, to the fullest extent permitted by law, the Plaintiffs shall not do so at any time hereafter for any claim arising out of their employment by any of the Releasees with respect to actions or conduct

which occurred prior to the execution of this Agreement by each of the Plaintiffs. The Parties further acknowledge and agree that this Agreement and the consideration exchanged in this Agreement are contingent upon this promise not to file any such claim, complaint or charge of any kind whatsoever. In the event it is discovered that the Plaintiffs file or have filed any such claim(s), the Plaintiffs agree to immediately take all reasonable and necessary measures to effect the prompt dismissal of any such claim(s) and to pay the Releasees' reasonable attorney's fees and costs, if any, in connection with the defense and/or dismissal of any such claim(s).

(7) Non-Assignment of Claims: The Plaintiffs represent and warrant that they have not assigned or transferred, nor purported to assign or transfer, to any person, firm, or corporation whatsoever, any of the matters released in the Agreement, and the Plaintiffs agree to defend, indemnify and hold harmless Releasees against any debts, obligations, liabilities, demands, damages, actions or causes of action based on or arising out of or in connection with any such transfer or assignment, including without limitation, the payment of reasonable attorney's fees and costs.

(8) Confidentiality. (a) All of the Parties represent that, prior to their execution of this Agreement, they have not revealed its proposed terms to any third parties. The Parties agree that the terms of this Agreement, including but not limited to the existence and amount of the Settlement Amount to be paid to the Plaintiffs and the Plaintiffs' attorneys, **ARE TO REMAIN COMPLETELY CONFIDENTIAL.** The Parties shall not talk about, write about, publicize, make available or otherwise disclose any information concerning this Agreement, or the discussions, communications, correspondence or negotiations had in connection herewith, or, in particular, the existence or amount of the Settlement Amount, to any person or entity without the prior written consent of all of the Parties, with the limited exception that the Parties may disclose such information to their accountants, attorneys, governmental tax authorities, or under subpoena or court order, or otherwise as required by law, provided that, in the event of any such disclosures, the Parties shall direct their attorneys or accountants, as the case may be, and to the extent possible, governmental authorities, to honor this covenant of confidentiality and non-disclosure.

(9) Each Party To Bear Its Own Attorney's Fees. The Parties shall each bear their own attorney's fees, costs, and expenses, except as may be expressly provided herein.

(10) Successors and Assigns. This Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of each of the Parties.

(11) Entire Agreement. This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties and supersedes and cancels any and all prior oral or written agreements, if any, between and among them. The Parties warrant that there were no representations, agreements, arrangements or understandings between them, whether written or oral, relating to the subject matter contained in the Agreement which are not fully expressed herein and that no party has relied upon any such representations, agreements, arrangements or understandings, whether written or oral, in entering into this Agreement.

(12) <u>Modification in Writing</u>. This Agreement may not be altered, amended or modified, nor any of its provisions waived, except by a further agreement in writing signed by all of the Parties or by their respective counsel.

(13) <u>No Other Assurances</u>. The Plaintiffs acknowledge that, in deciding to execute this Agreement, they have not relied upon any promises, statements, representations or commitments, whether spoken or in writing, made to them by anyone, except for what is expressly stated in this Agreement.

(14) <u>No Future Employment</u>. The Plaintiffs shall not knowingly seek employment in any capacity with the Defendants at any time in the future. The Plaintiffs further agree and acknowledge that this Agreement shall constitute good and sufficient cause for the Defendants to reject any future application for employment by any of the Plaintiffs, or on any Plaintiffs' behalf, and that such rejection would not constitute a violation of any law.

(15) <u>Governing Law</u>. This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(16) <u>Joint Preparation</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties. The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiffs nor the Defendants shall be deemed the drafters, nor shall any such language be presumptively construed in favor of or against either the Plaintiffs or the Defendants.

(17) <u>Severability</u>. If any provision, term or clause of this Agreement is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, that provision, term or clause shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon all of the Parties. Upon any finding that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, the Plaintiffs agree to promptly execute new releases, waivers and/or covenants that are legal and enforceable.

(18) <u>Captions</u>. Paragraph captions contained in this Agreement have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

**THE PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE BEEN ADVISED TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT; AND, THAT THEY HAVE CONSULTED WITH COUNSEL OF THEIR OWN CHOOSING, NAMELY, PECHMAN LAW GROUP, PLLC, REGARDING THE AGREEMENT.**

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS OF THIS AGREEMENT AS SET FORTH ABOVE, THE PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THAT THEY HAVE OR MIGHT HAVE AGAINST THE RELEASEES.

**IN WITNESS WHEREOF**, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth next to their respective signatures below:

**PLAINTIFFS:**

STATE OF NEW YORK )
) ss:
COUNTY OF _N-Y_ )

I, **Maria Peralta**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_____
Maria Peralta

Sworn to before me this
_23_ Day of March, 2015

_____
Notary Public

VIVIANNA A. MORALES
Notary Public, State of New York
No. 02MO6309947
Qualified in Queens County
Commission Expires August 18, 20_18_

STATE OF NEW YORK )
) ss:
COUNTY OF _N.Y_ )

I, **Mariana Nieto**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_____
Mariana Nieto

Sworn to before me this
_20_ Day of March, 2015

_____
Notary Public

VIVIANNA A. MORALES
Notary Public, State of New York
No. 02MO6309947
Qualified in Queens County
Commission Expires August 18, 20_18_

8

STATE OF NEW YORK )
) ss:
COUNTY OF N.Y )

I, **Rosa Machasilla**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_____
Rosa Machasilla

Sworn to before me this
23 Day of March, 2015

_____
Notary Public

VIVIANNA A. MORALES
Notary Public, State of New York
No. 02MO6309947
Qualified in Queens County
Commission Expires August 18, 20 18


STATE OF NEW YORK )
) ss:
COUNTY OF NY )

I, **Elsa Machasilla**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_____
Elsa Machasilla

Sworn to before me this
23 Day of March, 2015

_____
Notary Public

VIVIANNA A. MORALES
Notary Public, State of New York
No. 02MO6309947
Qualified in Queens County
Commission Expires August 18, 20 18

9

STATE OF NEW YORK )
) ss:
COUNTY OF __NY__ )

I, **Carmen Lagua**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_Carmen Lagua_
Carmen Lagua

Sworn to before me this
__20__ Day of March, 2015

_Vivianna Morales_
Notary Public

VIVIANNA A. MORALES
Notary Public, State of New York
No. 02MO6309947
Qualified in Queens County
Commission Expires August 18, 20__18__

STATE OF NEW YORK )
) ss:
COUNTY OF __NY__ )

I, **Margarita Maliza a/k/a Maria Margarita Maliza Chango**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_Maria M. Maliza_
Margarita Maliza a/k/a
Maria Margarita Maliza Chango

Sworn to before me this

__20__ Day of March, 2015

_Vivianna Morales_
Notary Public

VIVIANNA A. MORALES
Notary Public, State of New York
No. 02MO6309947
Qualified in Queens County
Commission Expires August 18, 20__18__

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF N.Y.     )

I, **Patricia Olovacha a/k/a Nancy Olovacha**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

Sworn to before me this

25 Day of March, 2015

_____
Notary Public

_____
Patricia Olovacha a/k/a
Nancy Olovacha

VIVIANNA A. MORALES
Notary Public, State of New York
No. 02MO6309947
Qualified in Queens County
Commission Expires August 18, 2018

**DEFENDANTS:**

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF KINGS    )

I, **Ioan Sita a/k/a John Sita**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily in both my individual capacity and as an owner of Sita Finishing Corporation.

_____
Ioan Sita a/k/a John Sita

Sworn to before me this

24TH Day of March, 2015

_____
Notary Public

NILS C. SHILLITO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SH6180399
Qualified in Queens County
My Commission Expires January 14, 2016

11

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF KINGS      )

I, **George Sita**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily in my individual capacity.

_____
George Sita

Sworn to before me this
24TH Day of March, 2015

_____
Notary Public

NILS C. SHILLITO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SH6180399
Qualified in Queens County
My Commission Expires January 14, 2016

12

Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARMEN LAGUA, et al.

                                Plaintiffs,

                -against-

SITA FINISHING CORP., et al.

                              Defendants.
------------------------------------------------------------X

**14 Civ. 2590 (MDG)**

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**
**ECF CASE**

Upon the joint application of the Plaintiffs and the Defendants, by their respective counsel, for entry of an Order of Voluntary Dismissal With Prejudice, and the parties having consented to the entry of this Order, and sufficient cause appearing for the same, after due deliberation, it is

HEREBY ORDERED that this action, and all claims asserted herein, is hereby dismissed in its entirety with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Court shall retain jurisdiction over this matter for purposes of enforcing the parties' settlement agreement, if necessary.

PECHMAN LAW GROUP, PLLC      STEPHEN D. HANS & ASSOCIATES, P.C.

By:_____      By:_____
    Louis Pechman, Esq.                           Nils Shillito
    488 Madison Avenue                        45-18 Court Square, Suite 403
    New York, New York 10022              Long Island City, New York 11101
    Tel: 212.583.9500                             Tel: 718.275.6700
    *Attorneys for Plaintiffs*                         *Attorneys for Defendants*
    March __, 2015                                March __, 2015

SO ORDERED.

_____
United States Magistrate Judge Marilyn D. Go

EXHIBIT B

| Payment Recipient | Total Amount to be Distributed | First Payment Due: April 1, 2015 | 2nd Payment through 18th Payment Due: First of Month from May 1, 2015 through Septemeber 1, 2016 |
|---|---:|---:|---:|
| Maria Peralta | $16,160.46 | $8,080.23 | $475.31 |
| Mariana Nieto | $16,160.46 | $8,080.23 | $475.31 |
| Rosa Machasilla | $16,160.46 | $8,080.23 | $475.31 |
| Carmen Lagua | $16,160.46 | $8,080.23 | $475.31 |
| Elsa Machasilla | $16,160.46 | $8,080.23 | $475.31 |
| Margarita Maliza | $16,160.46 | $8,080.23 | $475.31 |
| Patricia Olavacha | $16,160.46 | $8,080.23 | $475.31 |
| Pechman Law Group | $56,876.78 | $28,438.39 | $1,672.85 |
|  | $170,000.00 | $85,000.00 | $5,000.00 |

Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CARMEN LAGUA, et al.

                                              Plaintiffs,

                -against-

SITA FINISHING CORP., et al.

                                         Defendants.
-----------------------------------------------------------X

**14 Civ. 2590 (MDG)**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                            ) ss.
COUNTY OF NEW YORK  )

    George Sita, being duly sworn, deposes and says:

    1.    I was an owner of Sita Finishing Corporation and reside at _____.

    2.    I hereby confess judgment and authorize entry of judgment against me and Sita Finishing Corporation in favor of Plaintiffs for the sum of One Hundred Seventy Thousand Dollars ($170,000.00), less any payments previously received pursuant to the terms of the Settlement Agreement and General Release of Claims dated _____ (the "Settlement Agreement") in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest from the date of the default to the date of entry of judgment as provided in 28 U.S.C. § 1961.

    3.    I hereby acknowledge, represent, and warrant to Plaintiffs that I have been duly authorized (and have the full power and authority) to enter into, execute, deliver, perform and

implement this Affidavit of Confession of Judgment, and that such Affidavit of Confession of Judgment is legal, valid, and binding upon myself and Sita Finishing Corporation.

4. This Affidavit of Confession of Judgment is for a debt justly due pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

5. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Eastern District of New York, whereby the Defendants agreed to pay Plaintiffs the total sum of $170,000.00, with an initial payment of $85,000 due on or before April 1, 2015, and seventeen (17) monthly payments of $5,000 beginning May 1, 2015 until September 1, 2016.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure such breach, this Affidavit of Confession of Judgment shall be docketed and entered as a judgment against and me and against all property, of any kind, in which I have any ownership interest, including Sita Finishing Corporation.

_____
George Sita

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

On the ___ day of _____, 2015, before me personally came George Sita who, being by me duly sworn, did depose and say that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, on behalf of himself, and duly acknowledged to me that he executed the same.

_____
Notary Public

15

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CARMEN LAGUA, et al.

                                              Plaintiffs,

                               -against-

SITA FINISHING CORP., et al.

                                          Defendants.
---------------------------------------------------------------X

**14 Civ. 2590 (MDG)**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                                ) ss.
COUNTY OF NEW YORK  )

Ioan Sita, being duly sworn, deposes and says:

7. I was an owner of Sita Finishing Corporation and reside at _____.

8. I hereby confess judgment and authorize entry of judgment against me and Sita Finishing Corporation in favor of Plaintiffs for the sum of One Hundred Seventy Thousand Dollars ($170,000.00), less any payments previously received pursuant to the terms of the Settlement Agreement and General Release of Claims dated _____ (the "Settlement Agreement") in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest from the date of the default to the date of entry of judgment as provided in 28 U.S.C. § 1961.

9. I hereby acknowledge, represent, and warrant to Plaintiffs that I have been duly authorized (and have the full power and authority) to enter into, execute, deliver, perform and implement this Affidavit of Confession of Judgment, and that such Affidavit of Confession of

Judgment is legal, valid, and binding upon myself and Sita Finishing Corporation.

10. This Affidavit of Confession of Judgment is for a debt justly due pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

11. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Eastern District of New York, whereby the Defendants agreed to pay Plaintiffs the total sum of $170,000.00, with an initial payment of $85,000 due on or before April 1, 2015, and seventeen (17) monthly payments of $5,000 beginning May 1, 2015 until September 1, 2016.

12. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure such breach, this Affidavit of Confession of Judgment shall be docketed and entered as a judgment against and me and against all property, of any kind, in which I have any ownership interest, including Sita Finishing Corporation.

                                                    _____
                                                        Ioan Sita

STATE OF NEW YORK    )
                                  ) ss:
COUNTY OF NEW YORK  )

On the ___ day of _____, 2015, before me personally came Ioan Sita who, being by me duly sworn, did depose and say that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, on behalf of himself, and duly acknowledged to me that he executed the same.

                                                    _____
                                                        Notary Public